UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEJTOWAL TEMESGEN,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center,<br><br>Respondent. | Case No.: 26-cv-2309-BJC-BJW<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Bejtowal Temesgen's ("Petitioner") petition for a writ of habeas corpus that was filed on April 21, 2026. ECF No. 1. On April 21, 2026, Respondents filed a return, ECF No. 6, and on April 28, 2026, Petitioner filed a Traverse. ECF No. 7.

## I.      BACKGROUND

Petitioner is a native and citizen of Ethiopia. ECF No. 6 at 2. On September 8, 2025, Petitioner entered the United States without inspection near the port of entry in Otay Mesa, California. ECF No. 7 at 2; ECF No. 6 at 2. Shortly thereafter, a Border Patrol agent encountered Petitioner and determined Petitioner to be an arriving alien inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF No. 6 at 2. Petitioner was then transferred to the custody of U.S. Immigration and Customs Enforcement under 8 U.S.C. § 1225(b)(1)(B). *Id.* On September 25, 2025, an asylum officer interviewed Petitioner and issued a positive credible fear determination. *Id.* That same day, Petitioner was issued a Notice to Appear, thereby initiating removal proceedings. *Id.* On March 11, 2026, an immigration judge ordered Petitioner removed to Uganda. *Id.* On March 16, 2025, Petitioner filed an appeal to the Board of Immigration Appeals ("BIA"), which remains pending. *Id.* Petitioner has remained in detention since his arrest on September 8, 2025.

1

ECF No. 7 at 2.

Petitioner alleges that his prolonged detention without a bond hearing violates the Fifth Amendment and that his removal is unlikely in the reasonably foreseeable future. ECF No. 1 at 6.  Petitioner requests that the Court order his immediate release from custody, or alternatively, an individualized bond hearing.  *Id*. at 7.

## II.   <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

## III.   <u>DISCUSSION</u>

### A.   <u>Detention under 8 U.S.C. § 1225(b)(1)</u>

The parties do not dispute that Petitioner is detained under 8 U.S.C. § 1225(b)(1)(B)(ii).  Under Section 1225(b)(1), "[i]f an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title and the alien indicates either an intention to apply for asylum . . . or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer . . . ."  8 U.S.C. § 1225(b)(1)(A)(ii).  A noncitizen that receives a positive credible fear determination " . . . *shall* be detained for further consideration of the application for asylum."  8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added).

Here, Petitioner is a noncitizen and applicant for admission who did not possess proper documentation to enter the United States.  *See* 8 U.S.C. § 1225(a)(1).  Upon entry,

26-cv-2309-BJC-BJW

an immigration officer determined Petitioner was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF No. 6 at 2. After indicating his intention to apply for asylum, Petitioner was given an interview by an asylum officer who found he had a credible fear of persecution. *Id*. Petitioner's application for asylum was later denied, and an immigration judge issued an order of removal. *Id*. Because of his ongoing appeal, however, Petitioner remains subject to mandatory detention under Section 1225(b)(1).

**B.      Constitutional Right Against Prolonged Mandatory Detention**

Indefinite prolonged detention of a non-citizen raises due process concerns. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). A majority of district courts have concluded that "'prolonged mandatory detention, without a bond hearing, will—at some point—violate the right to due process.'" *Sadeqi v. Larose*, 809 F. Supp. 3d 1090, 1093 (S.D. Cal. 2019) (quoting *Martinez v. Clark*, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019)).

To determine whether Petitioner's detention without an individualized bond hearing violates due process, the Court applies the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). The *Lopez* three-factor test considers (1) the total length of detention, (2) the likely duration of future detention, and (3) delays in the removal proceedings caused by the petitioner and the government. *Id*.

Applying these factors, the Court concludes that the length of Petitioner's detention without an individualized bond hearing violates due process. First, Petitioner has been detained for ten months to date. This length of detention falls within the range that courts have found unconstitutional without a bond hearing. *See, e.g., Amado v. United States Dep't of Just.*, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (finding detention for over seven months without a bond hearing weighs in favor of the petitioner); *Masood v.*

3

26-cv-2309-BJC-BJW

*Barr*, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (involving a detention for over eight months); *Kumar v. Hermosillo*, 2026 WL 523276, at *2 (W.D. Wash. Feb. 25, 2026) (involving a detention for over nine months).

Second, the likely duration of future detention weighs in Petitioner's favor. Petitioner has an appeal pending before the BIA. "This process may take up to two years or longer." *Banda v. Nielsen*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019). Because of this ongoing proceeding, Petitioner's detention remains indefinite.

Third, the delay factor is neutral. Any delay in removal proceedings has not been caused by Petitioner. Petitioner promptly appealed the immigration judge's decision five days after he was denied asylum and ordered removed. However, there is no indication that the government is responsible for any significant delay. Considering all three factors, the Court finds that Petitioner's continued detention without an individualized bond hearing violates due process.

## IV.    CONCLUSION

Accordingly, the Court **GRANTS IN PART** the petition for a writ of habeas corpus. Respondents shall hold a bond hearing within fourteen days of this order unless the noncitizen requests a continuance. The government shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk. All other requests set forth in Petitioner's prayer for relief, ECF Nos. 1, 11, are DENIED.

**IT IS SO ORDERED.**

Dated:  July 17, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

4

26-cv-2309-BJC-BJW